UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**KENNETH KOPPEL,**

                    Plaintiff,                    **MEMORANDUM
                                                          AND ORDER**

             -against-                            08-CV-1965 (NG)

**UNITED NATIONAL INSURANCE CO., INC.,**

                    **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Kenneth Koppel ("Koppel") seeks production of two Claim File Evaluation Reports ("claim reports") from defendant, United National Insurance Company, Inc. ("United National"). United National listed both documents on its privilege log provided to Koppel on November 10, 2008. In response to this Court's Order of November 19, 2008, United National submitted an affidavit from its employee, Catherine Wilkinson, stating that the claim reports sought by plaintiff "were prepared with an eye towards possible future litigation" and should therefore be held to be privileged. See Aff. of Catherine Wilkinson ("Wilkinson Aff.") ¶ 13. For the reasons stated below, this Court concludes that United National failed to meet its burden of establishing that the documents are protected under the work-product doctrine. Therefore, the claim reports are discoverable and must be provided to Koppel.

DISCUSSION

      In order to determine whether a document is eligible for work-product protection under Rule 26(b)(3) of the Federal Rules of Civil Procedure, the Second Circuit has adopted the

"because of" formulation, which accords protection to a document "if in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." See United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998) (internal quotations omitted) (citations omitted). Recognizing that disclosure of a party's or its counsel's assessment of the likely outcome of potential litigation would result in "serious prejudice," the Court rejected a standard that would deny protection merely because the document was created "for a business purpose . . . ." See id. at 1200. Nevertheless, the "because of" formulation adopted by the Second Circuit is not intended to protect documents that are "prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation. . . . [e]ven if such documents might also help in preparation for litigation." Id. at 1202.

As courts have repeatedly noted, the issue of work-product protection is particularly complicated in the context of insurance claims, since insurance companies are "in the business of investigating and adjusting claims," thereby blurring the distinction between documents prepared in the ordinary course of business and those prepared because of anticipated litigation. See Mount Vernon Fire Ins. Co. v. Platt, No. 98 Civ. 8074 (CSH), 1999 WL 892825, at *2 (S.D.N.Y. Oct. 19, 1999) (citations omitted). "In particular, 'documents prepared in the ordinary course of [an] insurer's business (which by its nature, involves claim investigation and analysis)' are not protected from discovery." OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04 Civ. 2271 (RWS), 2006 WL 3771010, at *5 (S.D.N.Y. Dec. 15, 2006) (quoting Tudor Ins. Co. v. McKenna Assocs., No. 01 Civ. 0115 (DAB) (JCF), 2003 WL

2

21488058, at *3 (S.D.N.Y. June 25, 2003)).

Although courts must determine on a case-by-case basis whether documents were prepared because of anticipated litigation, see 105 St. Assocs., LLC v. Greenwich Ins. Co., No. 05 Civ. 9938 (VM) (DF), 2006 WL 3230292, at *2 (S.D.N.Y. Nov. 7, 2006), courts frequently presume that "documents prepared before an insurer declines coverage are . . . discoverable while subsequently-prepared documents are presumed to be excluded from discovery." See Mount Vernon Fire Ins., 1999 WL 892825, at *2; see also OneBeacon Ins. Co., 2006 WL 3771010, at *5 (citations omitted); Tudor Ins., 2003 WL 21488058, at *3 ("An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins."). An insurer may, however, rebut the presumption of discoverability with "specific competent proof that it possessed a 'resolve to litigate' when the documents were created." See AIU Ins. Co. v. TIG Ins. Co., No. 07 Civ. 7052 (SHS) (HBP), 2008 WL 4067437, at *12 (S.D.N.Y. Aug. 28, 2008) (citations omitted). For example, an insurer's retention of counsel prior to a formal declination may evidence its anticipation of litigation and thus trigger work-product protection. See Tudor Ins., 2003 WL 21488058, at *3.

A party opposing production bears the burden of establishing the document's entitlement to protection; in order to satisfy its burden a party may not rely on conclusory statements but must show by "specific and competent evidence" that the document was in fact prepared in anticipation of litigation and not in the ordinary course of business. See AIU Ins., 2008 WL 4067437, at *13 (holding that the insurer's evidentiary showing was deficient in that it was based on "conclusory statements" and was devoid of specific facts that each document

3

was prepared in anticipation of litigation).  This principle applies with particular force in the insurance context, where "insurer-authored documents are more likely than attorney-authored documents to have been prepared in the ordinary course of business."  Weber v. Paduano, No. 02 Civ. 3392 (GEL), 2003 WL 161340, at *4 (S.D.N.Y. Jan. 22, 2003).  The insurer must provide "objective evidence[] that the author of the document anticipated litigation at the time that the document was created, and would not have created the document in essentially the same way had the prospect of litigation not existed."  Id.

Measured against these standards, United National's showing is woefully deficient.  Wilkinson's affidavit asserts that the two disputed claim reports were prepared "by defendant to assist counsel in the defense and assessment of liability and damages relating to any potential lawsuits."  Wilkinson Aff. ¶ 10.  As support for this conclusory assertion, Wilkinson alleges that the claim reports were prepared "after the decision to disclaim was made on December 11, 2007."  Id. at ¶ 7.  However, Wilkinson was not the individual who prepared either the draft letter or the claim reports nor was she otherwise involved in the decision to disclaim.  See id. at ¶¶ 11-12.  Indeed, nothing in her affidavit suggests that she has any personal knowledge about the preparation of the documents.  Thus, it appears that the sole basis for her perfunctory characterization of the claim reports is the existence of a draft disclaimer letter dated December 11, 2007, the same date that appears on one of the claim reports.  See id. at ¶¶ 6, 8, 11-12.  This showing does not establish that United National's decision to disclaim coverage had already been made when the claim reports were prepared.  First, the preparation of the initial report may well have preceded the draft disclaimer letter.  Second, the final disclaimer was not sent to plaintiff until December 13, 2007, after both claim reports had been drafted.  See id. at

¶¶ 5, 8. Thus, the draft disclaimer letter may have been prepared at the same time as the initial report, by the same claims examiner, as a recommendation to his supervisor.[1] The fact that United National did not send the insured the disclaimer letter until December 13, 2007 suggests that United National had yet to formally disclaim coverage when the claim reports were written. The declination of coverage ordinarily is not deemed to have occurred until the disclaimer letter is sent to the insured. See Tudor Ins., 2003 WL 21488058, at *4. As both claim reports were prepared prior to that date, they are presumptively discoverable. See id.

United National has not rebutted that presumption. An *in camera* examination of the two claim reports reveals that neither contains mental impressions of attorneys or internal strategy as to how to handle any potential litigation arising from the claims. See Weber, 2003 WL 161340, at *5 (holding that documents that do not contain attorney's impressions or litigation strategy are "outside of the 'core' of materials that are most strongly protected by the work product doctrine."). Significantly, the Wilkinson Affidavit fails to state any way in which the two reports differ from ones that the insurer would generate in the ordinary course of its business.

Accordingly, given the absence of specific and competent evidence that the decision to disclaim was made prior to the preparation of the claim reports or that they contain attorney impressions or strategy or were otherwise prepared in preparation for litigation, United National has failed to meet its burden of establishing that the claim reports are protected by the work-product doctrine.

---

[1] In fact, the Court has examined the two claim reports *in camera*, and each is framed as a recommendation, suggesting a future course of action regarding the claim.

## CONCLUSION

For the aforementioned reasons, United National is directed to provide Koppel with the two claim reports in question by December 3, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
November 26, 2008

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**